UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TOBIAS R. REID, : CASE NO. 1:11-CV-2159
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
RONALD BERKMAN, et al., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Tobias R. Reid filed this civil rights action against Cleveland State University ("CSU") President Ronald Berkman; Provost Geoffrey Mearns; Vice Provost for Health Affairs Mark Penn; Dean of the College of Science Betty Bonder; Professor Sun; and Dean of the College of Urban Studies Edward Hill. In the Complaint, plaintiff alleges defendants violated his civil rights, engaged in fraud, and misused state and federal funds. He seeks monetary and injunctive relief.

Plaintiff has also filed a Motion to proceed *in forma pauperis*. (Doc. 2). That Motion is granted.

**I. Background**

Plaintiff alleges he was a graduate student from 2002 through 2010 at CSU's Division of Continuing Education, College of Urban Studies, and Cleveland-Marshall College of Law. He claims he has been pursuing "medical training through CME, Lerner Research Institute, American

Holistic Medical Association, American College of Forensic Examiners, American Association of Integrative Medicine, Media Lab, Cleveland Clinic, Medline University in clinical chemistry, pathology, surgery, holistic medicine and pharmacology." (Doc. 1 at 3). Plaintiff's claims appear to relate to CSU's decisions to dissolve its Division of Continuing Education,[1] and to form a partnership with Northeast Ohio Medical University ("NEOMED").

Plaintiff alleges that, in March 2010, defendant Berkman announced that a deal had been made to bring a medical school to CSU. Plaintiff asserts he spoke with Berkman about this announcement, and the possibility of a consulting position for plaintiff in light of his alleged medical training. He maintains Berkman instructed him to send "all documents" to Barbara Harriford, Dean of the Division of Continuing Education, in order to document completion of plaintiff's Continuing Education course work.

In the summer of 2010, CSU announced its Division of Continuing Education would be closed but that some of its continuing education programs would be transferred to the University's various academic colleges. Plaintiff alleges CSU's decision to close this Division was made "without hearing and/or notice" and that information regarding his "post-doctorate training was not dissolved into other departments at CSU, Defendant just simply closed the graduate school without any obligation to the current students, faculty and alumni from the Division of Continuing Education." (Doc. 1 at 4). Plaintiff further states defendant Hill, Dean of the College of Urban Studies, indicated he did not have records of plaintiff's Continuing Education course work.

In the fall of 2010, plaintiff alleges defendant Sun received a federal grant for medical

---

[1] CSU's Division of Continuing Education offered various non-credit courses and certification programs.

research and that this grant was based on research done by graduate students at the Division of Continuing Education. He claims defendants Bonder and Sun were "elusive" about how the grant funds would be used "from a public standpoint." (Doc. 1 at 5). He maintains these defendants failed to respond to his communications regarding (1) his Continuing Education transcripts; and (2) the use of grant monies.

In November 2010, plaintiff learned CSU had formed a partnership with NEOMED in order to produce doctors committed to practicing in urban neighborhoods. Plaintiff claims defendant Penn assured him consultants would be hired to implement sensitivity training for working in the inner city, and CSU/NEOMED would participate in the grant research secured by defendants Bonder and Sun. Finally, plaintiff claims he did not receive timely notice of CSU's October 6, 2011 President's Convocation.

Plaintiff filed his Complaint on October 12, 2011, raising general allegations of fraud, civil rights violations, illegal seizure, and misuse of state, federal and public funds. He seeks compensatory damages in the amount of $25,000 per defendant "to be paid to a consultant to implement NEOMED into residential training program for inner city Cleveland residents." (Doc. 1 at 7). He further seeks punitive damages for defendants' allegedly willful failure to transfer his continuing education records to other CSU colleges. Finally, he seeks an injunction preventing CSU from receiving state and federal monies "for expansion, NEOMED, College of Science, and Urban Studies until case is resolved." (Doc. 1 at 8).

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28

U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

"It is well-established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One of the bases for federal court jurisdiction is 28 U.S.C. § 1331. Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff claims generally, in the caption of his Complaint, that defendants violated his civil rights. Presumably, he intends to state a claim under 28 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

Plaintiff fails to identify any specific constitutional right that might form the basis of his claims. He does not cite to any constitutional amendment or federal statute in his Complaint, nor does he identify any legal theories or concepts of a constitutional dimension. While he vaguely asserts fraud, illegal seizure,[2] and misuse of public funds, he provides no explanation as to how these causes of action might form a federal claim against any of these defendants.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy

---

[2] While "illegal seizure" may sometimes refer to a Fourth Amendment violation, the Court finds no possible factual basis for such a claim in the instant case. Plaintiff sets forth no allegation that either he or his property was "seized" within the meaning of the Fourth Amendment.

federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the Complaint in the instant case fails to sufficiently state any federal constitutional claims and it is, therefore, subject to summary dismissal under § 1915(e).

Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent any of plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

## IV. Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: December 28, 2011　　　　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3]　28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."